Albaugh, J.
The only error assigned is that the judgment was given for the said Dennis Smeltz, when it should have been given for the said Madden. The grounds upon which the said Madden-based his petition, and upon which he now claims the court of common pleas erred in remanding him to the custody of the marshal, are that the ordinance under which he was convicted is invalid, for the reasons:
(1.) That it is not authorized by the statute.
*170 (2.) That the statute,.under which the council assumed to act in the passage o,f said ordinance is unconstitutional, and
(3.) Irregularity in the passage of the ordinance.
(4.) That the said Madden was entitled to a trial by jury.
A copy of the ordinance is attached to the bill of exceptions, and provides as follows: “ Section 2. Be it further ordained and enacted that it shall be unlawful for any person or persons to keep any place within the limits of the incorporated village of Alliance where intoxicating liquors are sold at retail, for any purpose, or in any quantity, otherwise than upon prescriptions issued in good faith by a reputable physician in active practice, or for exclusively mechanical, pharmaceutical or sacramental purposes. But nothing herein contained shall prevent the' manufacturing of intoxicating liquors from the raw material, and the sale thereof by the manufacturers in quantities of one gallon or more at any one time.”
The statute under which this ordinance was passed, is sec. 11, of what is known as the Dow law, passed May 4th, 1886, 83 Ohio L., 161, which confers power upon municipal corporations to regulate, restrain and prohibit the keeping of ale, beer and porter houses and other places , where intoxicating liquors are sold at retail. This section provides as follows : “ That nothing in this section shall prevent the council of any municipal corporation in the state .from regulating and controlling on the first day of the week the sale of beer and native wines in such manner as may by ordinance be provided. And any municipal corporation shall have full power to regulate, restrain or prohibit ale, beer and porter houses and other places where intoxicating liquors are sold at retail, for any purpose or in any quantity other than is provided for in sec. 8 of this act.”
It is not seriously contended by counsel for plaintiff in error that the ordinance is not within the meaning of this provision of the statute; but it is claimed that the council did not have the authority to take such action, until the proposition was first submitted to a vote of the people to determine whether they were in favor of it or not; in other, words, it is contended that until such action is authorized by the people *171 of the municipal corporation, the council was not authorized to pass such an ordinance, and it is said that the statute in question so limits such power, and that the legislature recognized this distinction when it provided that “ nothing in this section shall prevent the council of a municipal corporation from regulating and controlling the sale of ale, beer, etc.,”.and afterwards provided in the same section that “ any municipal corporation shall have power to restrain and prohibit ale, beer and porter houses, etc.” In support of this, Dillon on Municipal Corporations has been cited, who in section 31 says : “ Municipal corporations are created and exist for the public advantage, and not for the benefit of their officers or of particular individuals or classes. The corporation is the artificial body created by the law, and not the officers, since these are from the lowest up to the councilmen or mayor the mere ministers of the corporation. Even the council or other legislative or governing body constitutes, as it has been well re^ marked, neither the corporation nor in themselves a corporation.”
This distinction could not have been recognized by the legislature, and it could not have been intended, that before the council of a municipal corporation could pass a valid ordinance under authority of this statute, the proposition should first be submitted to a vote of the people. It could hardly be supposed that such an important feature or requirement preliminary to the action .of the council would have been left in doubt, and it is apparent that the council of a municipal corporation, and any municipal corporation, as used in the statute, are synonymous terms. The council is a representative body, through which the corporation can only act in providing local laws governing the municipality, and to which power is granted by statute for that purpose. Giving this statute a fair and reasonable construction, we are unable to find in it anything that requires the submission of such a proposition to a vote of the people.
(2.) It is also claimed that the act under which this ordinance was passed, is inhibited by article 2, sec. 26, of the constitution, which provides that “ all laws of a general nature shall have a uniform operation throughout the state.” Legis *172 lation upon the subject of regulating, restraining and prohibiting the sale of intoxicating liquors, has been held to be of a general nature, and should have a uniform operation throughout the state. The general authority conferred upon municipal corporations by this statute to regulate, restrain and prohibit the keeping of ale, beer and porter houses, and other places where intoxicating liquors are sold, etc., has a general application to all such corporations within the state, and therefore does, not partake of the local character that is restricted by this section of the constitution. In Burckholter v. McConnelsville, 20 Ohio St., 308, it was held that it is no ground of objéction to the validity of prohibitory ordinances thus authorized that the general laws of the state do not extend the prohibition to all parts of the state. Morality and good order, the public convenience and welfare may require many regulations in crowded cities and towns which the more sparsely settled portions of the country would find unnecessary. And it is for the law-making power to determine within the limitations of the constitution, to what extent city or. village councils shall be invested with the power of local legislation.
The act in force at the time this decision was rendered, .and the validity of the McConnelsville ordinance declared (63 Ohio L., 181), provided “ that all cities and incorporated villages shall have the power and may by ordinance provide for its exercise to regulate, restrain and prohibit ale, beer and porter houses and places of notorious or habitual resort for tippling or intemperance,” and the court say that by this act, “ express authority is given to prohibit ale, beer and porter houses, which necessarily includes the power to declare the keeping of such places to be unlawful.” The ordinance in that case provided that it shall be unlawful for any person to keep within that village a house, etc., where ale, beer and porter is sold or furnished to be drank in, upon or about the place where sold or furnished; and Scott, C. J., in delivering the opinion in that case, says: “ That this ordinance is neither more nor less than prohibitory, and that municipal corporations have the pbwer under that statute to pass such a prohibitory ordinance, and that *173 such ordinance is not invalid as being in conflict with the statute of the state.” The statute under consideration is substantially the same as the act of 1869, and expressly authorizes municipal corporations to prohibit by ordinance the keeping of a place where intoxicating liquors are sold within the corporate limits of the village, subject to the exceptions therein named. The evils contemplated by the constitution as resulting, from the traffic in intoxicating liquors, are those which result from the sale and use of such liquors as a beverage. If in the judgment of the general assembly it be necessary, in order to prevent evils resulting from the traffic, that the sale and use of intoxicating liquors as a beverage be absolutely prohibited, we can see no constitutional ground upon which such exercise of its judgment and discretion can be reviewed. State v. Frame, 39 Ohio St., 410. The objection to this statute, on the ground that it is in conflict with this section of the constitution, cannot be maintained.
(3.) It is also said that there was an. irregularity in the passage of the ordinance, and that for that reason it is invalid. It appears from the record that after the first reading of the ordinance at a regular meeting, a motion was made to suspend the rules requiring it to be read on three different days. This motion was lost, and a motion was then made to adjourn to meet the next Wednesday evening at six o’clock, which was carried. At the meeting of the council on Wednesday evening, a motion was made to reconsider the vote whereby the council refused to suspend the rules at the last meeting, which motion was carried. A vote was then taken on the motion to suspend the rules to permit the ordinance to be read the second time. The ordinance was then read the second time, and a motion made and carried to suspend the rules as to the third reading. The ordinance was then put on its passage, and resulted, yeas 6, nays none. It is claimed that by the rules governing the action of legislative bodies, the council ■had no power or authority at such adjourned meeting to suspend the rules to dispense with the second and third readings and pass the ordinance; and in support of this several authorities on parliamentary law have been citeci. It does not appear that the council had adopted rules prior to that time *174 governing their action in matters of this kind. It is said in Dillon on Municipal Corporations, section 288: “ After a meeting.of the council is duly convened, the mode of proceeding is regulated by the charter, or constituent act, or by ordinances passed for that purpose, and by the general rules so far as in their nature are applicable, which govern other deliberative and legislative bodies.” The statute provides (sec. 1694), that by-laws, resolutions and ordinances of a general or permanent nature shall be fully and distinctly read on three different days, unless three-fourths of the members elected dispense -with the rule, and the vote on such suspension shall be taken by yeas and nays, and entered on the journal. It appears by the bill of exceptions, that the rules were in fact suspended and the reading on three different days dispensed Avith, which is all that the statute requires. While, perhaps, the mode of procedure was not, in all respects, in' accordance with the rules of parliamentary law, it was all that the statute required. It is not to be expected that the technical rules of parliamentary law, 'which are.enforced for the convenience in governing and controlling legislative bodies, should be vigorously applied to the proceedings of a village council. We think the ordinance was passed as required by statute.
. (4.) As to the only remaining question presented by the record, whether the plaintiff was entitled to a trial by jury, it is sufficient to say that habeas corpus is not the proper mode of redress where a person charged with an offense has been convicted and'sentenced to imprisonment therefor by a court of competent jurisdiction. If he was entitled to a trial by jury, and such right was refused' him upon trial of the case, the proper remedy would be a proceeding in error. A habeas corpus cannot be used as a summary process to review or revise errors or irregularities which occur upon the trial of a case, in a court of competent jurisdiction. There can be no unlawful imprisonment unless the sentence is absolutely void ; if such sentence is voidable only, the proceeding is reviewable on error. In the present case, the inquiry is whether the court authorizing the detention had jurisdiction, and as to this, if the ordinance under which he was tried and convicted is valid, there can be no doubt.
James W. Coulter, for plaintiff.
D. Fording, for defendant.
For these reasons the judgment of the court of common pleas must be affirmed.
Jenner, J., dissents.